**FILED**
**CLERK**

11:04 am, Feb 25, 2019

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

UNITED STATES OF AMERICA,

          -against-

LARRY CARPENTER,

               Defendant.

--------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
18-cr-362 (ADS)

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
610 Federal Plaza
Central Islip, NY 11722
     By:    Monica K. Castro, Assistant U.S. Attorney

**Keahon, Fleischer, Duncan & Ferrante**
1393 Veterans Memorial Highway, Suite 312 North
Hauppauge, NY 11788
     By:    Joseph J. Ferrante, Esq., Of Counsel

**Federal Defenders of New York, Inc.**
610 Federal Plaza
Central Islip, NY 11722
     By:    Tracey L. Gaffey, Assistant Federal Defender

**SPATT, District Judge**:

Presently before the Court is a motion by Larry Carpenter ("Carpenter" or the "Defendant"), pursuant to Federal Rule of Criminal Procedure ("FED. R. CRIM. P." or "Rule") 41, seeking to suppress all fruits of the search of a cellular phone. For the following reasons, the Defendant's motion is denied in its entirety.

## I. BACKGROUND

On June 24, 2018, Carpenter was arrested in East Farmingdale, New York. The arrest stemmed from two alleged drug sales: one where the Defendant purportedly sold 1.3 grams of

crack-cocaine to a third party, and the other where the Defendant allegedly sold 2.5 grams of heroin to a law enforcement operative. The Defendant ostensibly carried out these transactions while seated in the passenger seat of a vehicle (the "Vehicle"). A firearm and two cellular devices—one LG phone ("Device 1") and one iPhone ("Device 2") (collectively, the "Devices")—were recovered from the passenger seat of the Vehicle.

Later that day, while Carpenter was being processed following his arrest, he was asked a series of questions recorded on USM FORM 312: Prisoner Intake. On this form, the Defendant provided the cellular phone number for Device 2. Carpenter declined to make a statement when advised that the Drug Enforcement Administration ("DEA") is obligated to record any interview to which he might submit. At one point, the Defendant advised the DEA agents that he wished to retrieve his girlfriend's phone number from Device 2 and was allowed to do so. Carpenter signed a consent form that allowed the DEA agents to retrieve the requested phone number. On the consent form, the Defendant provided the phone number for Device 2. He then called his girlfriend from the jail and purportedly stated: "I did some stupid shit already by telling them that they could look through my phone because I didn't have your number." The parties dispute whether or not Carpenter was ever advised of his *Miranda* rights.

On July 13, 2018, based on an affidavit (the "Affidavit") by DEA Special Agent Francis X. Rau ("Special Agent Rau"), Magistrate Judge Gary R. Brown signed a warrant (the "Warrant") for the search of the Devices. *See* Dkt. 38-1. The Warrant specified that (1) the defendant had been arrested following a drug transaction; (2) Device 2 was recovered from the floor of the front passenger seat of the car, where the Defendant was observed sitting; and (3) witness testimony had established that the Defendant used a cell phone to coordinate a drug sale. Three days later, Special Agent Rau executed the return on the Warrant, stating, under penalty of perjury, that on July 16,

2018, the Devices were submitted to a forensic examiner in the DEA's New York Division for analysis.

On July 18, 2018, a grand jury returned a four-count indictment, charging the Defendant with the distribution of cocaine base and heroin; the use of a firearm in furtherance of a drug crime; and being a felon in possession of a firearm. Carpenter entered a plea of not guilty before Magistrate Judge Tomlinson and waived speedy trial until September 14, 2018. On August 23, 2018, the government provided defense counsel with initial discovery disclosures, including a copy of the Warrant, pursuant to Rule 16. The government also divulged additional discovery on August 31, September 10, October 12, November 6 and November 9, 2018. The Devices were analyzed by the DEA on August 30, 2018, and September 11, 2018. Thirty days later, this data was produced to the Defendant.

At the September 14, 2018 status conference, Carpenter waived speedy trial until October 19, 2018. He appeared on October 19, 2018 and at that hearing pled guilty to distributing cocaine base and heroin.

On November 7, 2018, the government filed a superseding indictment, which added a charge of Conspiracy to Distribute Cocaine Base ("Count One"); augmented the existing firearms charge ("Count Two") to include the allegation that Carpenter used, carried or possessed a firearm in connection with Count One; and added the allegation that the Defendant is also known as "Kontraversy."

On December 12, 2018, the government filed a second superseding indictment, which augmented Count One to include the allegation that Carpenter conspired to distribute heroin in addition to cocaine base. The Defendant was arraigned on the second superseding indictment on December 26, 2018.

On December 28, 2018, this Court issued an order denying a motion filed by the Defendant in its entirety. The motion-at-issue requested that the Court (1) dismiss Count one and a portion of Count Two of the first superseding indictment; (2) suppress the search of the Devices; (3) obtain a bill of particulars; and (4) strike the indictment for surplusage.

On December 14, 2018, the instant motion to suppress was filed by the Defendant. In January, the Federal Defenders were relieved as counsel and Joseph Ferrante was appointed to represent Carpenter. The Court heard oral argument on February 20, 2019.

## II. THE MOTION TO SUPRESS

The Defendant seeks to suppress the fruits of the search of Device 2 on the ground that the Warrant relied on information obtained in violation of *Miranda*.

The Court finds that the Defendant has not established a material factual dispute requiring a hearing in this case because the Warrant was not tainted by a potential *Miranda* violation.

The Defendant's affidavit does not establish a material factual dispute because it does not show that he provided the phone number for Device 2 in connection with an interrogation. "An interaction between law enforcement officials and an individual generally triggers *Miranda*'s prophylactic warnings when the interaction becomes a 'custodial interrogation.' This determination has two parts: (a) there must be an interrogation of the defendant, and (b) it must be while she is in 'custody.'" *United States v. FNU LNU*, 653 F.3d 144, 148 (2d Cir. 2011) (internal citations omitted). Carpenter's affidavit does not establish that a custodial interrogation occurred. He merely states, "[a]fter [he] was arrested[,] one of the law enforcement persons asked [him] what cellular telephone belonged to [him]. … The law enforcement person asked what the telephone number was for [Device 2] and I told him." Dkt. 50 at 1-2. This vague, conclusory

statement does not provide the requisite specificity to establish that there was any interrogation that would trigger *Miranda's* requirements.

Furthermore, the Defendant offered the phone number to Device 2 under circumstances not subject to *Miranda* protections. Carpenter provided the phone number to agents during the intake process, an action memorialized on USM FORM 312. "[I]t is well-settled law that routine booking questions do not constitute interrogation protected by *Miranda*." *United States v. Haygood*, 157 F. App'x 448, 449 (2d Cir. 2005); *see also United States v. Patane*, 542 U.S. 630, 637, 124 S. Ct. 2620, 159 L. Ed. 2d 667 (2004) (The Fifth Amendment "cannot be violated by the introduction of nontestimonial evidence obtained as a result of voluntary statements.") (plurality opinion). Regardless of whether the Defendant was at some point asked about Device 2's phone number in circumstances after the intake process, he provided the information to agents under circumstances unprotected by *Miranda*.

The Defendant separately provided the challenged information as a result of his own request to obtain information from Device 2. It is undisputed that the Defendant signed and completed a consent to search form on the date of his arrest. The form stated, in pertinent part, "I HAVE BEEN ASKED TO PERMIT SPECIAL AGENTS OF THE DRUG ENFORCEMENT ADMINISTRATION TO SEARCH: … 347-424-6884 IPHONE X (BLACK)[.] … I HAVE NOT BEEN THREATENED, NOR FORCED IN ANY WAY. … I FREELY CONSENT TO THIS SEARCH." Dkt. 54-3. This consent form precludes any serious dispute regarding the voluntariness of this search. *See United States v. Sinclair*, No. 10-CR-6211L, 2013 WL 6148078, at *9 (W.D.N.Y. May 20, 2013) ("Although he was not specifically advised of his right to refuse consent, his authority to do so was implied from the statement on the form, 'I have been asked to permit special agents of the [DEA] to search.' … Considering all these circumstances, I conclude

that the government has established that Sinclair's agreement to permit the search was voluntary and valid.").

As mentioned above, Carpenter's consent was precipitated by the Defendant's desire to retrieve his girlfriend's cellular phone number, which was stored in Device 2. As the Second Circuit noted, "*Miranda* itself recognized [that], '[v]olunteered statements of any kind are not barred by the Fifth Amendment' and, thus, do not require preliminary advice of rights." *United States v. Rommy*, 506 F.3d 108, 132 (2d Cir. 2007) (quoting *Miranda v. Arizona*, 384 U.S. 436, 478, 86 S. Ct. 1602 (1966)); *see also United States v. Munoz*, 987 F. Supp. 2d 438, 447 (S.D.N.Y. 2013) ("[A]n officer's failure to read a defendant the *Miranda* warnings before asking him to consent to a search does not violate the defendant's constitutional rights where the consent is voluntary."); *United States v. Wilson*, 914 F. Supp. 2d 550, 558 (S.D.N.Y. 2012) ("A suspect who has not received required *Miranda* warnings can still give valid voluntary consent to a search of his home."). There is nothing in the Defendant's affidavit that contradicts the evidence put forth that he exercised a limited, voluntary consent to the search of his phone.

The Court finds no *Miranda* violation in this case that would potentially taint the Warrant.

Accordingly, the Defendant's motion to suppress the fruits of the search of Device 2 is denied.

### III. CONCLUSION

The Defendant's motion is denied in its entirety.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 25, 2019

__/s/ Arthur D. Spatt__

ARTHUR D. SPATT

United States District Judge
