FILED
CLERK

2:30 pm, Mar 11, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-                                    MEMORANDUM OF
                                                           DECISION & ORDER
LARRY CARPENTER,                            18-cr-362 (ADS)

                Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
610 Federal Plaza
Central Islip, NY 11722
    By:    Monica K. Castro, Assistant U.S. Attorney

**Keahon, Fleischer, Duncan & Ferrante**
1393 Veterans Memorial Highway, Suite 312 North
Hauppauge, NY 11788
    By:    Joseph J. Ferrante, Esq., Of Counsel

**Federal Defenders of New York, Inc.**
610 Federal Plaza
Central Islip, NY 11722
    By:    Tracey L. Gaffey, Assistant Federal Defender

**SPATT, District Judge**:

       The Court is in receipt of the Government's submission of proposed lyrics and videos that it seeks to introduce at trial in its case-in-chief, as well as the Defendant's response letter. *See* Dkt. 88, 104. These filings were in response to this Court's February 25, 2019 Order (the "Feb. Order"), which found that the originally submitted material was relevant and not unfairly prejudicial as a general matter. *See* Dkt. 81. Yet, the Court recognized that select portions of the material may subject the Defendant to unfair prejudice or be unnecessarily duplicative. Accordingly, the Court adopt a modified version of the procedures articulated by Judge Garaufis in *United States v.*

*Herron*, No. 10-CR-0615, 2014 WL 1871909 (E.D.N.Y. May 8, 2014). Specifically, the Feb. Order outlined the following process:

> In order to admit a video or lyric into evidence, the Government shall provide the Defendant and the Court with the specific excerpt that it intends to present at trial. For each excerpt, the Government shall state the purpose for which the evidence is being offered and, in the case of a video, provide a transcript identifying the speakers in the clip. The Court will not allow statements by persons other than the Defendant to be offered for the truth of the matter asserted unless the Government provides a relevant exception under Rule 803. The Government must provide this material on or before March 1, 2019.
>
> If the Defendant has any objection to the admission of that particular clip or lyric, Carpenter may submit a response on or before March 7, 2019. The Defendant is also free to submit a proposed limiting instruction concerning any of the excerpts of videos or lyrics admitted into evidence.

Feb. Order at 7-8.

On March 1, 2019, the Government filed its request to admit specific excerpts of the material. This filing properly included the precise portions of the lyrics and videos that the Government seeks to admit as well as the stated purpose for which the evidence is being offered. *See* Dkt. 88. Six days later, the Defendant responded to the Government's letter and requested that the Defendant be permitted to address each individual piece of material "as it becomes necessary." *See* Dkt. 104. In its response, the Defendant cited language from the Second Circuit's summary order affirming *Herron* to argue the general admissibility of rap lyrics and music videos. *Id*. The Defendant failed to object to any of the government's proffered materials, commenting that "[t]o respond to each would be [*sic*] require far more than this responsive letter." *Id*. at 3.

The Court first notes that the Defendant failed to follow the Court's instructions in its Feb. Order. If the Defendant had "any objection to the admission of [a] particular clip or lyric [that the Government seeks to introduce], Carpenter may submit a response on or before March 7, 2019." Feb. Order at 8. The Court has already ruled on the general admissibility of this material and

2

explicitly requested objections to specific lyrics or portions of videos. The Defendant's transparent attempt to relitigate the issue of general admissibility is procedurally improper and unconvincing. The Court was well aware of the Second Circuit's summary order in *Herron* when it issued the Feb. Order. Moreover, the language in the summary order only bolsters the reasoning previously articulated. The Defendant's failure to file specific objections to the material proffered by the Government forces the Court to rule on its admissibility without the benefit of the requested responses.

After carefully reviewing all materials using the framework of Rule 403 of the Federal Rules of Evidence, it is hereby

**ORDERED** that all highlighted lyrics in Exhibit 1, which is attached to this Order, are admissible and may be used in the Government's case-in-chief; and it is further

**ORDERED** that the remainder of the lyrics in Exhibit 1 are not admissible and may not be used in the Government's case-in-chief; and it is further

**ORDERED** that all highlighted music video lyrics in Exhibit 2, which is attached to this Order, are admissible and may be used in the Government's case-in-chief; and it is further

**ORDERED** that the remainder of the music video lyrics in Exhibit 2 are not admissible and may not be used in the Government's case-in-chief; and it is further

**ORDERED** that the Government may not, in its case-in-chief, play clips of "Young Bonnie" that contain inadmissible music video lyrics; and it is further

**ORDERED** that the Government may play a ten (10) second clip of "Might Not Make It Home" that contains the item alleged to be the .38 revolver recovered in this matter in its case-in-chief; and it is further

**ORDERED** that all highlighted language in Exhibit 3, which is attached to this Order, is admissible and may be used in the Government's case-in-chief; and it is further

**ORDERED** that the remainder of the language in Exhibit 3 is not admissible and may not be used in the Government's case-in-chief; and it is further

**ORDERED** that the Government may not, in its case-in-chief, play clips of "Tee Talk-Kontraversy Interview" that contain inadmissible language.

It is **SO ORDERED**:

Dated: Central Islip, New York

March 11, 2019

                                            __/s/ *Arthur D. Spatt*__

                                            ARTHUR D. SPATT

                                            United States District Judge