FILED
CLERK
2:28 pm, Jul 17, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-                              **MEMORANDUM OF**
                                                  **DECISION & ORDER**
LARRY CARPENTER,                        18-cr-362 (ADS)

                 Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
610 Federal Plaza
Central Islip, NY 11722
    By:    Monica K. Castro, Assistant U.S. Attorney

**Keahon, Fleischer & Ferrante**
*Counsel for the Defendant*
1393 Veterans Memorial Highway, Suite 312N
Hauppauge, NY 11788
    By:    Joseph J. Ferrante, Esq., Of Counsel

**SPATT, District Judge**:

On March 28, 2019, after a seven-day jury trial, Larry Carpenter (the "Defendant" or "Carpenter") was convicted of the three criminal counts presented in the second superseding indictment, which consisted of (1) conspiring to distribute heroin and 280 or more grams of cocaine base between September 2015 and June 2018 ("Count One"); (2) using a firearm in furtherance of the same, as well as in furtherance of drug sales that occurred on June 24, 2018 ("Count Two"); and (3) possessing a firearm after a felony conviction ("Count Three"). Carpenter was arrested on June 24, 2018 and has been incarcerated ever since. He is currently scheduled to be sentenced on September 6, 2019.

1

Presently before the Court are two motions by the Defendant, pursuant to Federal Rules of Criminal Procedure ("FED. R. CRIM. P." or "Rule") 29 and 33 respectively, based on (1) a purported improper instruction regarding conspiracies between a buyer and seller of narcotics; (2) the Court's failure to instruct the jury regarding the "multiple conspiracies not permitted" rule; and (3) alleged insufficient evidence to convict Carpenter of Count One. The Government opposes both motions and contends that the evidence adduced at trial and the Court's jury instructions as delivered are sufficient to sustain the Defendant's conviction. The Court shall address Carpenter's motions in turn. For the following reasons, the Defendant's motions are denied in their entirety.

For the purposes of these motions, familiarity with the underlying trial record, which spans over one thousand (1,000) transcribed pages, is presumed. The Court's discussion of the evidence adduced at the trial will be limited to the specific challenges presently raised by the Defendant. In this regard, references to the trial transcript are denoted as "Tr."

## I. DISCUSSION

### A. Rule 29 Legal Standard

Rule 29 provides, in relevant part, that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). If "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[,]" the Court must deny the motion. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, elements of the charged crimes may be established entirely by circumstantial evidence. *See United States v. Sureff*, 15 F.3d 225, 228 (2d Cir. 1994). This poses a "heavy burden" on the Defendant.

When evaluating a Rule 29 motion, the Court must view the evidence in the light most favorable to the Government and draw all permissible inferences in the Government's favor.

*United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003); *accord United States v. Gagliardi*, 506 F.3d 140, 149 (2d Cir. 2007). The court must consider the evidence in its totality, not in isolation. *United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir. 1993). "If the court concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000).

**B. Rule 33 Legal Standard**

Rule 33 states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Although the Court "has broad[] discretion to grant a new trial under Rule 33[,]" it "nonetheless must exercise [its] Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'" *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)); *United States v. Wong*, 78 F.3d 73, 79 (2d Cir. 1996). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *Ferguson*, 246 F.3d at 134. "In other words, there must be a real concern that an innocent person may have been convicted" for the Court to grant such a motion. *United States v. Snype*, 441 F.3d 119, 140 (2d Cir. 2006) (internal quotations and citations omitted). "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33[.]" *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (internal citations omitted).

Trial judges "must defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses. … It is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." *Sanchez*, 969 F.2d at 1414 (internal citations omitted). "In making this assessment, the judge must examine the

totality of the case. All the facts and circumstances must be taken into account. An objective evaluation is required." *Id*.

## C. Buyer-Seller Jury Instruction

As the Second Circuit explained, "[a] conviction will be reversed for refusal to give a requested charge only if the requested instruction is 'legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge.'" *United States v. Kerley*, 544 F.3d 172, 177 (2d Cir 2008) (quoting *United States v. Doyle*, 130 F.3d 523, 540 (2d Cir. 1997)).

The Court provided the following instructions relating to the exception regarding conspiracies between a buyer and seller of narcotics:

> It has been said that in order for a defendant to be deemed a participant in a conspiracy, the defendant must have had a stake in its venture or its outcome. I instruct you that the mere purchase and sale of drugs does not, without more, amount to a conspiracy to distribute narcotics. However, you may find a conspiracy where there is additional evidence showing an agreement to join together to accomplish an unlawful objective beyond the sale transaction. Such evidence may include, among other things, whether there was a prolonged cooperation between the parties, a level of mutual trust, standardized dealings, sales on credit and the quantity of drugs involved.

Docket Entry ("Dkt.") 131, Ex. D at 1295:15-1296:2. This instruction includes the vast majority of the language requested by the Defendant in his own proposed jury charge. *Compare* Dkt. 106 at 45 *with* Dkt. 131, Ex. D at 1295:15-1296:2; *see also* Dkt. 131, Ex. E at 1174:234-1175:4.

However, the Defendant contends that the Court failed to use the words "buyer-seller exception" in its instructions. In this circuit, "[t]he trial court enjoys broad discretion in crafting its instructions which is only 'circumscribed by the requirement that the charge be fair to both sides.'" *United States v. Russo*, 74 F.3d 1383, 1393 (2d Cir. 1996) (quoting *United States v. GAF Corp.*, 928 F.2d 1253, 1263 (2d Cir. 1991)). A defendant is not entitled to have the trial court

4

parrot the exact language he proposes for the jury. *Id*. (citing *United States v. Dyman*, 739 F.2d 762, 771 (2d Cir. 1984)). Under either Rule 29 or 33, Carpenter has plainly failed to meet his burden regarding this portion of the jury instruction.

Accordingly, the Defendant's motion for a judgment of acquittal and for a new trial, based on the Court's instruction as to the buyer-seller exception is denied.

### D. Multiple Conspiracies Jury Instruction

The Defendant also objects to the Court's failure to instruct the jury regarding a "multiple conspiracies" instruction. This instruction is used in "a multiple-defendant case where 'there is a legitimate concern that a defendant who operated on the periphery of a large, overarching conspiracy will be unfairly grouped in with a larger conspiracy than he intended to join.'" *United States v. Ulbricht*, No. 14-cr-68, 2015 WL 413426, at *1 (S.D.N.Y. Feb. 2, 2015) (quoting *United States v. Richardson*, 532 F.3d 1279, 1291 (11th Cir. 2008)). It is intended to "avoid any 'spill over effect of permitting testimony regarding one conspiracy to prejudice the mind of the jury against the defendant who is not part of that conspiracy but another.'" *Id*. (quoting *United States v. Restrepo*, 547 F. App'x 34, 40 (2d Cir. 2013) (summary order)). This circuit has consistently ruled that a "multiple conspiracies" instruction is not required when only one defendant is on trial. *Id*. (collecting cases).

In the instant case, there was no risk of potential prejudicial spillover. Carpenter is being tried alone and the Government argued that he was at the hub of conspiratorial activity, not on the periphery. Accordingly, the Defendant's motion for a judgment of acquittal and for a new trial are denied with respect to the failure to include this in its jury instruction.

### E. Count One

#### 1. As to the Credibility of Donna Salter

The Defendant contends that the testimony of Donna Salter ("Salter") is riddled with misstatements and asks the Court to discount her testimony in its entirety.

As a preliminary matter, Rule 29 does not permit this Court to determine the credibility of a witness. Such a decision is the province of the jury. *United States v. Cunningham*, 723 F.2d 217, 232 (2d Cir. 1983) ("[A] trial judge [is] not entitled to set aside [a] guilty verdict simply because he would have reached a different result if he had been the fact-finder."). Since Carpenter's objections regarding Salter exclusively concern her credibility as a witness based on her testimony, Rule 29 is not the proper forum.

Rule 33 does allow the Court to "weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Sanchez*, 969 F.2d at 1413 (internal citations omitted). "To say that a trial judge cannot make his or her own evaluation of the testimony of a witness in the context of a Rule 33 motion is to ignore the overwhelming weight of authority to the contrary." *Id*. However, even if a witness has clearly committed perjury, the Court must find that the jury "probably would have acquitted in the absence of the false testimony." *Id*. This test is typically employed in the "exceptional circumstance" where "testimony is patently incredible or defies physical realities[.]" *Id*.

The Defendant's contention is based upon three parts of her testimony: (1) her assertion that she met Carpenter in September 2015; (2) her statements regarding her finances; and (3) her declaration that she provided Carpenter with other customers. The Court will address these in turn.

Although Salter testified to meeting Carpenter around the time her husband passed away, namely September 2015, the parties subsequently entered a stipulation into the record that the Defendant was incarcerated until March 2016. At the time of Salter's testimony, either date was

at least two years past. Though she originally provided police with the correct time frame–she stated that met Carpenter in April 2016–her testimony at trial was incorrect. This difference in recollection does not indicate that Salter committed perjury. These inconsistencies are precisely the types of issues that fall within the province of the jury.

Next, the Defendant argues that Salter's testimony regarding her drug purchases was inconceivable based on her stated finances. Specifically, Salter testified that she spent as much as $200 a day on crack-cocaine for years. Carpenter asks: how can a woman who has "no job, no pension, no home, [and] no car" afford up to spend up to $1,000 a week on crack-cocaine? Salter's testimony details the various sources of funding she had at her disposal and how she used them to feed her addiction to drugs. She stated that she used portions of her late-husband's pension, money she inherited from her late-husband's parents, and when she was desperate, she resorted to prostitution. Contrary to the Defendant's assertion, Salter's testimony on this topic is entirely consistent with her overall testimony.

Finally, Carpenter maintains that although she testified to introducing Carpenter to new customers, "not a single one of those customers appeared in Carpenter's phones nor did the phone numbers she provided agents ever come up at trial." Yet, as her testimony reveals, she introduced Carpenter to her brother, who intended to purchase crack-cocaine. The evidence presented at trial reveals that Salter's brother made contact with Carpenter using Salter's phone. The Defendant's argument therefore misstates the record.

Taken as a whole, the jury's credibility determination regarding Salter should not be disturbed. Carpenter has failed to articulate any reasonable basis for finding that her testimony at trial included perjury. While any evaluation of Salter's credibility will account for her history of drug addiction, prostitution and other illicit activity, it is not unreasonable to conclude that her

testimony regarding her interactions with Carpenter was truthful. Much of her testimony that focused on various interactions with the Defendant is consistent with that provided by other witnesses. With the exception of her recollection as to the date of her introduction to Carpenter, the Defendant has not pointed out to any other demonstrably false testimony. To overrule the jury's credibility evaluation and discard Salter's testimony would radically overstep the Court's role as the trial judge. *See United States v. Rea*, 958 F.2d 1206, 1221-22 (2d Cir. 1992) ("Matters of the choice between competing inferences, the credibility of the witnesses, and the weight of the evidence are within the province of the jury, and we are not entitled to second-guess the jury's assessments."); *United States v. Bueno*, No. 98-cr-534, 2000 WL 246271, at *3 (N.D.N.Y. Mar. 3, 2000) ("Given the jury's prerogative to determine the credibility of the witnesses, who they evidently found believable, a reasonable view of the evidence would permit the jury to conclude that the Government met its burden of proof.").

Accordingly, the Court will defer to the jury's credibility determination as to Salter's testimony at trial.

### 2. As to the Existence of a Single Conspiracy

The Defendant argues that the Court should overturn the jury's verdict as to Count One because the Government has failed to prove the existence of a conspiracy. Specifically, Carpenter asserts that he entered into a series of "one-off" drug sales with customers as an opportunist, small-time drug dealer. He contends that the Government confused the jury by using evidence that could support multiple conspiracies to weave together a false narrative of a single, overarching conspiracy with an unknown female associate and his customers. *See United States v. Valencia*, 100 F. App'x 17, 18 (2d Cir. 2004) (summary order) ("That the identity of his co-conspirator

remains unknown does not bar this result[.]" (citing *United States v. Harris*, 8 F.3d 943, 946 (2d Cir. 1993))).

Yet, the trial record reveals an agreement between Carpenter and an unidentified female co-conspirator to distribute cocaine base during the scope of the conspiracy. Multiple witnesses testified that this individual assisted with various responsibilities in Carpenter's efforts to sell cocaine base. Testimonial evidence demonstrates that she possessed the cellular phone used by the Defendant to conduct his narcotics business, answered this phone, recorded orders for transactions, drove the Defendant to and from sales, and performed hand-to-hand deals. For example, Jerold Rubin, one of Carpenter's customers, testified that he often spoke with her over the phone and discussed the quantity of drugs he wished to purchase. He explained that this individual used to deliver him drugs and at other times accompanied the Defendant in deliveries both as a driver and as a passenger. Salter and Scott Allen, also customers, similarly testified about their interactions with the female, unidentified co-conspirator.

Records from Carpenter's cellular phone reveal the full extent of her participation in the conspiracy. Messages expose her knowledge of the operation, including customer identities, payment methods, and her financial stake in the enterprise. They further corroborate her participation in the conspiracy and detail certain responsibilities. Carpenter used the proceeds of sales to pay this co-conspirator using a combination of cash and gift cards.

Between the three customer witnesses and the text conversations from the Defendant's phone, there is ample evidence for the jury to find that a single overarching drug conspiracy existed and that the Defendant and an unidentified female co-conspirator were members. *See United States v. Payne*, 591 F.3d 46, 62 (2d Cir. 2010) ("Even if multiple conspiracies are found, the jury should convict the defendant if it finds that one of the proven conspiracies was the one alleged in

the indictment and that the defendant was a member of it."); *United States v. Florez*, 447 F.3d 145, 155 (2d Cir. 2006) ("[A] federal conviction may be supported 'by the uncorroborated testimony' of even a single accomplice witness 'if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt.'" (citing *United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990))).

As noted *supra*, the Court examined the Defendant's arguments in the context of both Rule 29 and Rule 33. After weighing the evidence and the credibility of the witnesses, the Court finds that there are no extraordinary circumstances that would justify a new trial. Applying the "heav[ier] burden" required by Rule 29 by viewing the evidence in the light most favorable to the Government and drawing all permissible inferences in its favor, the jury returned a verdict based on a rational evaluation of the evidence.

Accordingly, the Defendant's motion for a judgment of acquittal and for a new trial based on the evidence presented as to Count One is denied.

## F. Remaining Arguments

As noted in the Defendant's reply papers, he also renews his Rule 29 motion regarding Count Two and Count Three. For the reasons stated on the record, this portion of his motion is denied.

## II. CONCLUSION

For the reasons set forth above, the Court denies the Defendant's motion for a judgment of acquittal pursuant to Rule 29 and denies the Defendant's motion for a new trial pursuant to Rule 33. The jury's verdict finding the Defendant guilty on all counts shall stand.

As stated *supra*, the Defendant shall be sentenced on September 6, 2019.

It is **SO ORDERED**:

Dated: Central Islip, New York

July 17, 2019

                                                _/s/ Arthur D. Spatt_

                                                ARTHUR D. SPATT

                                                United States District Judge