UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

           -against-

LARRY CARPENTER,

                      Defendant.
-----------------------------------------------------------------------X

FILED
CLERK
2:25 pm, Aug 30, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM OF DECISION AND ORDER**

18-CR-362 (GRB)

**GARY R. BROWN, United States District Judge:**

    Defendant Larry Carpenter ("defendant," "petitioner," or "Carpenter") seeks relief from a 17-year sentence imposed by Judge Arthur D. Spatt upon his conviction for narcotics trafficking charges. For the reasons set forth herein, defendant's motion to withdraw his initial 28 U.S.C. § 2255 ("§ 2255") motion is GRANTED, and the second motion for § 2255 relief is DENIED as meritless.

    **BACKGROUND**

    The trial of this matter generated a transcript exceeding 1,000 pages, and related litigation has proven voluminous, encompassing decisions on pre-trial dismissal and *in limine* applications, post-trial motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, and a Second Circuit decision affirming those rulings. *See United States v. Carpenter*, No. 21-837-CR, 2022 WL 16960577 (2d Cir. Nov. 16, 2022); *United States v. Carpenter*, 520 F. Supp. 3d 290 (E.D.N.Y. 2021) (Rule 33 motion decided by the undersigned); *United States v. Carpenter*, No. 18-CR-362 (ADS), 2019 WL 3216619, at *1 (E.D.N.Y. July 17, 2019) (Rule 29 and 33 motions decided by Judge Spatt); *United States v. Carpenter*, 372 F. Supp. 3d 74, 76 (E.D.N.Y. 2019) (*in limine* motions made before Judge Spatt); *United States v. Carpenter*, No. 18-CR-362 (ADS),

1

2018 WL 6933160, at *2 (E.D.N.Y. Dec. 28, 2018) (Rules 7 and 41 motions decided by Judge Spatt).  Familiarity with these opinions is presumed.

Following the Second Circuit's December 12, 2022, mandate, Carpenter mailed a § 2255 petition dated November 14, 2023, which was filed in this Court on December 1, 2023.  Docket Entry ("DE") 181.  He then filed a motion to withdraw that petition without prejudice to filing a second petition.  *Compare* DE 183 (motion to withdraw), *with* DE 184 (amended motion to vacate).

## DISCUSSION

### *Timeliness*

While the Government does not argue that Carpenter's filings were untimely, the Court will nonetheless examine the issue of timeliness.  § 2255 of Title 28 requires that motions under that section must be filed within one year from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  As to the accrual date, the Second Circuit has held:

> Congress did not explicitly state in AEDPA when a judgment of conviction becomes final for purposes of § 2255. In *Clay v. United States*, however, the Supreme Court held that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

*Moshier v. United States*, 402 F.3d 116, 117 (2d Cir. 2005).

Petitioner endeavored to file a petition before one year elapsed from the date of the Second Circuit's denial of his appeal, and he argues extensively about the "[prison] mailbox rule."  *See* DE 183 at 1.  However, the law appears settled that the one-year limitations period does not commence until the last day that the petitioner was eligible to file a petition for certiorari even if he does not do so, meaning that an additional 90 days is added to the date of the Second Circuit's mandate.  *Then v. United States*, 126 F. Supp. 2d 727, 730 (S.D.N.Y. 2001).

Here, the Second Circuit filed its mandate on December 12, 2022, DE 180, meaning that the petitioner had a year and ninety days, or until March 11, 2024, to file his § 2255 application. Thus, even his second § 2255 petition, filed on January 29, 2024, *see* DE 184 at 1, proves timely.

Petitioner made starkly different arguments in the two petitions filed. *Compare* DE 181, *with* DE 184. In his motion to withdraw, DE 183, petitioner disavows the first motion, describing its preparation under adverse circumstances, an incorrect belief that it had to be filed by November 16, 2023, and the involvement of "an inexperienced jailhouse lawyer." DE 183 at 3. As such, the Court will not discuss the arguments contained therein in these pages, but rather will focus on the argument raised in his amended § 2255 application, DE 184. Given defendant is acting *pro se*, though, the Court is obliged to broadly construe his filings. Thus, the Court reviewed the arguments raised in the earlier § 2255 petition, but found them unpersuasive.

### *Standard of Review for a § 2255 Petition*

As this Court has previously observed:

Title 28, U.S.C., § 2255 allows federal prisoners to challenge the constitutionality of their sentences. This section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To qualify for relief under § 2255, the petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). A petitioner claiming ineffective assistance of counsel "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir.

2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 692–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The burden of showing ineffective assistance is "a heavy one because, at the first step of analysis, [a court must] 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]'" *Id.*

"The determinative question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether his 'representation amounted to incompetence under prevailing professional norms.'" *Id.* at 129–30 (quoting *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)). The standard for evaluating the adequacy of counsel's representation is "a most deferential one," *Harrington*, 562 U.S. at 105, 131 S.Ct. 770, because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Thomas*, 608 F. App'x. 36, 38 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052).

Should defendant clear this first hurdle by demonstrating ineffective performance by counsel, prevailing on a § 2255 petition then requires demonstrating actual prejudice from identified errors. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. "[T]he question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Henry v. Poole*, 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 695, 104 S.Ct. 2052). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Lindstadt v. Keane*, 239 F.3d 191, 204 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052). Where, as here, defendant challenges sentencing, the prejudice prong mandates that petitioner show either that counsel's failings "suffice to undermine [ ] confidence in the outcome of [the] original sentencing," *Gonzalez v. United States*, 722 F.3d 118, 136 (2d Cir. 2013), or "would have changed . . . the sentence imposed," *Strickland,* 466 U.S. at 700, 104 S.Ct. 2052.

*Houpe v. United States*, 579 F. Supp. 3d 362, 365–66 (E.D.N.Y. 2022).

### *Ineffective Assistance of Counsel*

Petitioner argues ineffective assistance in pretrial matters by Tracey Gaffey and Randi Chavis of the Federal Defenders of New York and at trial by Joseph Ferrante, a CJA-appointed attorney. These attorneys are well-known to this Court as excellent advocates. While not dispositive, this provides important context: certain claims, like complaints that Ms. Chavis

4

covered appearances and meetings when Ms. Gaffey was unavailable, *see, e.g.*, DE 184-1 ¶ 4, warrant little discussion. Petitioner's other arguments are examined below:

### 1. The Partial Plea

Prior to trial, Carpenter, without the benefit of a plea agreement, pleaded guilty to two counts before the undersigned (as a Magistrate Judge), while requesting trial on the remaining two counts. DE 190 at 1-2; DE 190-1 (Exhibit A); DE 190-2 (Exhibit B). This was unusual. Then, the Government filed a superseding indictment, adding two counts which increased the length of the charged conspiracy and the drug quantity. DE 190 at 2.

Yet defendant admits the partial plea was his idea. "I decided to enter a Partial Plea," defendant avers. DE 184-1 at 2. "My strategy was to plead to the crimes that I was guilty of . . . and exercise my right to a trial on the other counts." *Id*. Ms. Gaffey affirms that Carpenter devised this unconventional approach, and she advised against it. "During every conversation I had with Mr. Carpenter up until he entered pleas of guilty," Ms. Gaffey declares, "he reiterated that he wanted to plead guilty to counts one and two. Every time he did so, I strongly advised him against it." DE 190-4 at 4. Carpenter pushed forward. "I decided to move forward with my decision to plead to Counts One and Two," he notes. DE 184-1 at 2. Ms. Gaffey's distaste for Mr. Carpenter's strategy surfaced during an extraordinary moment of the plea colloquy:

> **THE COURT:** Ms. Gaffey, do you know of any legal reason why the defendant should not plead guilty?
>
> **MS. GAFFEY:** Legal reason? No.
>
> **THE COURT:** Wow. The intonation suggested something else but I will leave that alone. There's no legal defense that you know of that we should be discussing?
>
> **MS. GAFFEY:** As I sit here right now, no.

5

*See* DE 30 at 21-22. This exchange inferentially supports Ms. Gaffey's assertion that she advised defendant against entering the partial plea for strategic reasons, which defendant does not deny.

Instead, defendant faults Ms. Gaffey for allegedly failing to advise him that the Government could supersede with additional charges and that his partial plea could be used against him at trial. DE 184-1 at 2-3. The first assertion is irrelevant as the Government was free to supersede whether or not the plea had been entered. As to the use of the plea against him, Ms. Gaffey, who strongly opposed the partial plea, did not specifically discuss evidentiary risks. DE 190-4 at 4. However, Ms. Gaffey and Ms. Chavis did, Carpenter admits, repeatedly advise him that "by entering a Partial Plea, 'I was giving up my rights.'" *Id.* at 2. His complaint focuses on a purported lack of detail in their advice. *See id.* Yet, when under oath, Carpenter testified at the plea hearing that he was satisfied with his attorneys, believed Ms. Gaffey had done a good job, and had no questions about the plea. DE 30 at 22. Moreover, the Court advised him that by entering a plea, he would be giving up his right not to incriminate himself. *Id.* at 9. Furthermore, Carpenter cannot claim any prejudice, as the record reveals that it was he, not the Government, that introduced his guilty plea at trial over the Government's objection. *See* DE 102 (Government's motion *in limine* to preclude any references to defendant's guilty plea at trial); DE 105 (Defendant's opposition to the Government's motion *in limine*).

   **2. The Phone Evidence**

Carpenter argues that Mr. Ferrante was ineffective at trial for failing to utilize purportedly exculpatory data from Carpenter's seized cell phone. Yet the trial record shows that Mr. Ferrante cross-examined prosecution witnesses using this evidence. DE 127 at 104–05 (Tr. 850–51). Also, it does not appear that this evidence was exculpatory. Carpenter also claims that his

6

attorneys failed to move to suppress his cell phone data, an argument undermined by the fact that they did. *See* DEs 38, 48, 50, 59, and 74 (motions to suppress filed by Ms. Gaffey and Mr. Ferrante).

### 3. The Rap Lyrics Evidence

Finally, Carpenter argues ineffectiveness based on a claimed failure to adequately rebut the use of his rap lyrics. That evidence, though, was carefully reviewed and limited on an *in limine* motion by Judge Spatt. The Second Circuit affirmed Judge Spatt's determination. At trial, Mr. Ferrante made arguments to the jury about the lyrics. DE 125 at 14-15 (Tr. 53-54). Thus, Carpenter's criticisms ring hollow.

Carpenter's claims of ineffective assistance fail, and the petition is denied in its entirety.

### CONCLUSION

Because the Court has considered all of Defendant's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Defendant has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Defendant and to close the case.

**SO ORDERED**

Dated: Central Islip, NY
August 30, 2024

/s/ Gary R. Brown
Hon. Gary R. Brown
United States District Judge